## Elizabeth Campbell v. City of Chicago.

1.   SIDEWALKS—*Pedestrians May Presume Them to Be in Safe Condition.*—Where a pedestrian has no knowledge of a defect in a sidewalk, he has a right to presume that it is in reasonably good repair and safe condition, and to act upon such presumption.

Campbell v. City of Chicago.

**Trespass on the Case,** for personal injuries.   Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900.   Reversed and remanded.   Opinion filed February 21, 1902.

FRANCIS T. MURPHY and THADDEUS S. ALLEE, attorneys for appellant.

ANDREW J. RYAN and GEORGE E. GORMAN, attorneys for appellee; ROBERTS, ROBERTS & OWENS, of counsel.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This was an action brought on account of injuries received in falling through a defective sidewalk.   The plaintiff testified at the trial of the cause as follows:

"Mrs. Doyle called at my house about eleven A. M., and in the afternoon I was walking part of the way home with her.   I was bidding her good-bye on the sidewalk, and turned to the right and fell into a hole.   When I was bidding Mrs. Doyle good-bye I was facing south, and I turned to the right.   I took just about one step, and turned around, when I fell in.   I was on the left side of Mrs. Doyle as I walked south; that would be on the outside of the sidewalk, next to the street.   Both of my limbs went into the hole, the left one above the knee joint, and my right one got caught underneath a board, and as I fell with my whole weight on the sidewalk the foot went up that way.   The foot got caught in the board and turned up that way (indicating). I fell backwards, my head against the sidewalk.

Accident occurred about twelve feet from Thirty-fifth street.   I walked on the outside of the street; I never was down there before; I am not acquainted down there.   I didn't notice whether there was a building on the northwest corner of Thirty-fifth and Parnell avenue; I walked about three blocks south from where we lived; I was about twelve feet from the corner of Thirty-fifth and Parnell.   I bid good-bye to Mrs. Doyle and turned to the right; at the time I was bidding Mrs. Doyle good-bye I was facing south. I then turned to the north to go home, and took one step; I couldn't take one; don't know how wide the sidewalk was.

Q.   What size was this hole into which you fell?   A.   I couldn't tell; I didn't see the hole.

Q.   Never saw the hole at all?   A.   No, sir; I didn't know it was there; I was never over that sidewalk before."

Michael Keene testified:

" Was familiar with 'sidewalk in question at place of accident. I passed over it twice every day going and coming to work. There was a plank broken out about half the width of the sidewalk, about ten or twelve feet north of Thirty-fifth street. The hole caused had been there about six or eight months before date of accident. It was on the inside of the sidewalk. That half of the board was gone. It was about two and one-half feet to the ground on the outside."

Cross-examination :

"The sidewalk there is about fourteen feet wide. There was a vacant lot there. It is from twelve to sixteen feet from the curb, on Thirty-fifth street.

The hole was about half the width of the sidewalk.

Hole about six or seven inches wide and about seven feet long. The entire plank was not out."

There was no evidence tending to contradict the evidence introduced by the plaintiff.

If a person has no knowledge of a defect in a sidewalk he has a right to presume that it is in reasonably good repair and safe condition, and to act on such presumption. City of East Dubuque v. Burhyte, 173 Ill. 553–558; City of Spring Valley v. Gavin, 182 Ill. 232–234.

It appearing that the plaintiff had no knowledge of the hole into which she stepped, whether she exercised ordinary care is a question to be submitted to the jury, and it was error to instruct the jury to find for the defendant.

The judgment of the Superior Court is reversed and the cause remanded.